**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

DARNELL E. COLE,

    Plaintiff,

    v.                                                                                    Case No. 09-CV-278

MILWAUKEE AREA TECHNICAL
COLLEGE DISTRICT and
MILWAUKEE AREA TECHNICAL
COLLEGE DISTRICT BOARD,

    Defendants.

---

## **DECISION AND ORDER**

---

### **NATURE OF CASE**

On March 12, 2009, the plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional due process and equal protection rights when the Milwaukee Area Technical College (MATC) District Board terminated his employment, effective February 28, 2009.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

On April 29, 2009, the defendants filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket # 4). The defendants assert that the plaintiff could not establish a constitutional property interest in continued employment because defendant MATC District Board could terminate his employment at its sole discretion for any "performance or conduct considered grounds for dismissal by the Board." (Defendants' Brief in Support of Their Motion to Dismiss [Defendants' Brief] at 2).

On May 26, 2009, the plaintiff filed an amended complaint pursuant to Fed. R. Civ. P. 15, as well as a brief in opposition to the defendants' motion to dismiss. In his brief, the plaintiff acknowledged that his amended complaint did not significantly alter the allegation related to his due process claim and, therefore, it would be "most practical" for him to respond to the defendants' motion to dismiss. (Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss [Plaintiff's Response Brief] at 3-4).

Thereafter, the defendants filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket #11). At that time, the defendants also filed a reply brief in support of their motion to dismiss. On July 2, 2009, the plaintiff filed a brief in opposition to the defendants' motion to dismiss the amended complaint and on July 20, 2009, the defendants filed a reply brief in support of their motion to dismiss the plaintiff's amended complaint.

The plaintiff's amended complaint is governed by Rule 15(a) of the Federal Rules of Civil Procedure which provides that a plaintiff "may amend his pleading once as a matter of course at any time before a responsive pleading is served." A responsive pleading does not include a motion to dismiss. See Duda v. Board of Educ. of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). An amended complaint supersedes the

prior complaint and the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. Accordingly, the defendants' motion to dismiss filed on April 29, 2009, will be denied as moot. Nevertheless, the court will consider the brief filed in support of and in response to that motion when deciding the defendants' subsequently filed motion to dismiss the amended complaint.

## **MOTION TO DISMISS**

### **Standard for Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550

- 3 -

U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead himself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). For example, if the factual allegations in the complaint establish that a lawsuit is indisputably time-barred, the court must grant the defendant's 12(b)(6) motion to dismiss. See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003).

## Allegations of the Amended Complaint

MATC is a technical college district organized and existing under Chapter 38 of the Wisconsin Statutes. The Board, which is a technical college district board organized under Chapter 38 of the Wisconsin Statutes, governs MATC and controls the employment of MATC's District Director, more commonly known as the MATC President. The Board hired the plaintiff as MATC's District Director in 2001. The plaintiff continued to serve as MATC's President until his termination by the Board, effective February 28, 2009.

On October 4, 2006, the plaintiff entered into an employment agreement with MATC for the term of June 1, 2006 to June 30, 2009. (A copy is attached as Exhibit 1 to the plaintiff's amended complaint). That employment agreement was amended on July 3, 2008, extending

- 4 -

the term of the plaintiff's employment to June 30, 2011. The plaintiff's employment agreement provided that the plaintiff's employment could be terminated at the Board's sole discretion at the end of the month in which the plaintiff engaged in "[p]erformance or conduct considered grounds for dismissal by the BOARD." (Amended Complaint ¶ 10).

On February 9, 2009, the plaintiff was arrested by the Milwaukee County Sheriff's Department and issued municipal ordinance citations for operating while intoxicated and operating with a prohibited alcohol concentration. On February 16, 2009, the plaintiff submitted to an interview in the course of MATC's internal investigation into the events of February 8-9, 2009, and the plaintiff's arrest. On February 19, 2009, the Board voted in favor of the termination of the plaintiff's employment agreement effective February 28, 2009.

In the amended complaint, the plaintiff alleges that the defendants violated his right to procedural due process and equal protection under 42 U.S.C. § 1983. The plaintiff alleges that he has a property interest in his continued employment with defendant MATC and that the defendants deprived him of that right without due process of law. Specifically, the plaintiff alleges that his "employment agreement with MATC, which was for a time certain and with clearly defined economic benefits, created a constitutional property right in his continued employment as President." (Amended Complaint ¶ 24). The plaintiff also alleges that he was provided insufficient notice "of what, if any, 'performance or conduct' exercised by him would give rise to becoming 'grounds' for dismissal by the Board." Therefore, he asserts that he was "denied an identifiable and ascertainable standard of conduct within his employment agreement." Id. ¶¶ 26-27.

With respect to his equal protection claim, the plaintiff alleges that he was denied "equal protection when compared to other employment-related treatment of other MATC supervising

- 5 -

employees." Id. ¶ 26. The plaintiff also alleges that "[t]he defendants' decision to terminate [him] was motivated, at least in part, by illegitimate discriminatory animus based upon his race." Id. ¶ 29. The plaintiff attached a copy of the employment agreement between him and defendant MATC Board to his amended complaint.

## **Analysis**

The defendants assert that the complaint fails to establish any constitutionally protected interest in employment at MATC and, therefore, the plaintiff's Fourteenth Amendment due process claim should be dismissed. The defendants maintain that the plaintiff's contract did not give rise to a "legitimate claim of entitlement" to continued employment at MATC. (Defendants' Brief at 6). Specifically, the defendants assert that the plaintiff's contract did not require cause for termination and his fixed term contract does not vest him with a constitutionally protected interest in employment. The defendants also assert that the plaintiff's fails to state an equal protection claim.

In response, the plaintiff maintains that his employment contract established a constitutionally protected property interest in continued employment at MATC because his "employment agreement contained explicit terms that served to abrogate his at will status under Wisconsin law." (Plaintiff's Response Brief at 7). He also asserts that under his employment agreement, his employment with MATC only could be unilaterally terminated when he engaged in performance or conduct considered grounds for dismissal by the MATC Board. Id., citing Amended Complaint ¶ 10.

- 6 -

Due Process

At the outset, the court notes that the defendants assert in their reply brief in support of their motion to dismiss filed July 20, 2009, that the plaintiff's brief (presumably the response brief filed on July 2, 2009) does not significantly address the defendants' arguments seeking dismissal of the due process property interest claim. Thus, the defendants' assert that "[i]t appears as if Dr. Cole has chosen to accept the accumulated power of the arguments and case citations, tacitly recognizing the inescapable conclusion that his due process claim based upon an asserted property interest should be dismissed." (Defendants' Reply Brief in Support of Defendants Motion to Dismiss filed July 20, 2009 [Defendants' Reply Brief filed July 20, 2009] at 1-2). However, the plaintiff clearly indicated that, with respect to his due process claim, he was relying on the arguments made in the brief he filed on May 26, 2009, in opposition to the defendants' motion to dismiss. Thus, his second responsive brief filed on July 2, 2009, only addressed the defendants' arguments with respect to his equal protection claim.

A plaintiff asserting a procedural due process violation under § 1983 must establish both (1) the deprivation of a "cognizable property or liberty interest," and (2) a lack of due process in the deprivation. Omosegbon v. Wells, 335 F.3d 668, 674 (7th Cir. 2003). To be a constitutionally cognizable property interest a person must have a "legitimate claim of entitlement" to the item. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). A unilateral expectation does not suffice. Id. "[W]hether a particular job action against a public employee implicates a constitutionally protected property interest is a question of law; '[p]roperty interests are not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent

- 7 -

source such as state law.'" Barrows v. Wiley, 478 F.3d 776, 780 (7th Cir. 2007)(citing Deen v. Darosa, 414 F.3d 731, 734 [7th Cir. 2005] (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 [1985]).

Once a court determines that an individual has a property interest in continued state employment, it must determine the minimal procedures which the state must follow before it may deprive him of it. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985). The Supreme Court in Loudermill held that public employees with property interests in their state jobs must be afforded pre-termination notice of the claims against them, an opportunity to respond to the grounds for their termination and a "full post-termination hearing." Id. at 545-48.

The threshold question then is whether the plaintiff has a protected property interest. Under Wisconsin law, "a dichotomy exists between employment 'at-will' and employment which can be terminated only 'for cause.'" Beischel v. Stone Bank School Dist., 362 F.3d 430, 435 (7th Cir. 2004). Only employment terminated "for cause" receives due process protections. Id. "'A protected property interest in employment can arise from a state statute, regulation, municipal ordinance, or an express or implied contract – those rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Halfhill v. Northeast School Corp., 472 F.3d 496, 500 (7th Cir. 2006) (quoting Johnson v. City of Fort Wayne, Indiana, 91 F.3d 922, 943 [7th Cir. 1996]).

In this case, the plaintiff asserts that he had a property interest in continued employment because his employment agreement provided that his employment with MATC could be unilaterally terminated only if he engaged in "performance or conduct considered grounds for dismissal by the BOARD." (Plaintiff's Response Brief at 7). Thus, the plaintiff

- 8 -

maintains that he had an expectation that he would continue his employment as MATC President through the term of his contract unless he undertook some action that constituted just cause for the defendants to dismiss him under Wisconsin law.

Although the plaintiff contends that he had an expectation of continued employment, such unilateral expectation alone does not create a constitutionally cognizable property interest. In Roth, the Supreme Court held that "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. at 577.

The plaintiff maintains that he had a legitimate claim of entitlement to continued employment through the term of his contract. The plaintiff further asserts that the provision in his employment agreement relating to termination is a "just cause" standard.

Not every contract right is property subject to due process protection. Campbell v. Champaign, 940 F.2d 1111, 1113 (7th Cir. 1991). "To count as a deprivation of property under the Constitution, a breach of contract must be a breach of a contractual entitlement to property." Yatvin v. Madison Metropolitan School District, 840 F.2d 412 (7th Cir. 1988). Moreover, "[w]hen the claimed deprivation of property is the loss of a job, the entitlement must be to a job, rather than just to a set of disciplinary procedures." Campbell, 940 F.2d at 1113.

Here, the terms of the plaintiff's contract provide that the Board had "sole discretion" to determine what performance or conduct it considered grounds for dismissal. (Amended Complaint, Exh. 1 ¶ 10). "The existence of the type of property interest that is protected by the Federal Constitution depends upon '"explicitly mandatory language" in connection with the establishment of "specified substantive predicates" to limit discretion.'" Fittshur v. Village of

Menomonee Falls, 31 F.3d 1401, 1406 (7th Cir. 1994); see also, Colburn v. Trustees of Indiana University, 973 F.2d 581, 590 (7th Cir. 1992) ("Property interests exist when an employer's discretion is clearly limited so that the employee cannot be denied employment unless specific conditions are met."); Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir. 1991) ("Due process comes into play when substantive rules limit the reasons that support action.").

The court of appeal for this circuit, relying on Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989), held that the rule that a village manager may discharge an employee of the Village "when necessary for the good of the Village service" did not "restrict the village manager's discretion in any meaningful way" and, therefore, did not create a property interest. Fittshur, 31 F.3d at 1406. The court determined that "'[e]xplicitly mandatory language'" which would limit the village manager's authority to discharge . . . [an] employee of the Village, is lacking." Id. The court explained:

> Under the ordinance, the village manager defines, without prescribed guidelines, the permissible scope of his own discretion. Almost any discharge of a Village employee can be defended as "necessary for the good of the Village service."
>
> The all-encompassing meaning of the phrase "necessary for the good of the Village service" renders any interest in employment with the Village at best uncertain.

Id.

Similarly, the employment agreement at issue here does not contain "explicitly mandatory language" limiting the Board's authority to terminate the agreement. The agreement provides that the agreement may, in the Board's sole discretion, expire at the end of any month in which the plaintiff engaged in performance or conduct considered grounds for dismissal by the Board. Nothing restricts the Board's determination of what type of performance or conduct could be considered grounds for dismissal. Accordingly, contrary to

- 10 -

the plaintiff's insistence, the provision in the plaintiff's employee agreement relating to termination is not a "just cause" standard.

Thus, the plaintiff's employment agreement does not create a constitutionally cognizable property interest. Therefore, the plaintiff's claim pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his constitutional due process rights when the Board terminated his employment, effective February 28, 2009, will be dismissed. The defendants' motion to dismiss the plaintiff's due process claim will be granted.

Equal Protection

The defendants assert that the plaintiff's amended complaint fails to state an equal protection claim pursuant to 42 U.S.C. § 1983. The defendants assert that in order to state an equal protection claim a plaintiff must allege specific, intentionally discriminatory conduct by individual decision-makers. Therefore, because both defendants are institutions, not individuals, the defendants maintain that the plaintiff has failed to state an equal protection claim.

In response, the plaintiff asserts that although liability under the doctrine of respondeat superior does not apply to municipal entities, municipal entities can be liable under § 1983 for deprivations of federal rights citing Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978). The plaintiff further asserts that where a plaintiff alleges that the ultimate decision-making authority acted tortuously, as he has in this case, "the plaintiff need not also prove that there was a continuing custom or practice of that particular deprivation." (Plaintiff's Response Brief in Opposition to Defendants' Renewed Motion to Dismiss [Plaintiff's Response Brief] at 5 (quoting Felton v. Board of Comm'rs of Greene County, 5 F.3d 198, 203 [7th Cir. 1993]).

The plaintiff contends that he properly alleged that MATC is the municipal entity that employed him as President and that the MATC Board is the municipal entity that was responsible for the hiring and firing of MATC's President. He also contends that he properly alleged that his constitutional rights were violated when the MATC Board voted to terminate him and when MATC terminated him on account of his arrest, his race and his activities with regard to MATC unions. Accordingly, the plaintiff maintains that "the MATC Board (the ultimate authority regarding whether he should be terminated) can be held liable because it acted to terminate him in violation of his due process and equal protection rights. Likewise, MATC (the ultimate authority that employed him) can be held liable because it acquiesced in the MATC Board's decision." (Plaintiff's Response Brief at 5-6).

The defendants, for the first time in their final reply brief, assert that "even assuming that municipal liability could attach upon Dr. Cole's ambiguous pleading, he still cannot proceed with his race discrimination claim because the Amended Complaint does not pass muster under Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 828 (May 18, 2009)." (Defendants' Reply Brief filed July 20, 2009, at 4). Arguments raised for the first time in a reply brief are waived. See, e.g., Harper v. Vigilant Ins. Co., 433 F.3d 521, 528 (7th Cir. 2005). Accordingly, the court will not address the defendants' assertion that the plaintiff fails to state a plausible equal protection claim pursuant to Iqbal.

To comply with equal protection, governmental entities generally are required to treat all similarly situated persons in a similar manner. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "To state an equal protection claim, a § 1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group." Sherwin Manor Nursing

- 12 -

Center, Inc. v. McAuliffe, 37 F.3d 1216,1220 (7th Cir 1994).

The defendants maintain that the plaintiff's amended complaint fails to allege either a policy or custom that violated his equal protection rights or that his termination constituted an official policy-making activity. "The official acts of municipal policymakers are acts of the municipality for section 1983 liability." Reed v. Village of Shorewood, 704 F.2d 943, 953 (7th Cir. 1983). Municipal entities are "not liable under the doctrine of respondeat superior, or other doctrines of vicarious liability, for individual tortious acts of their employees." Webb v. City of Chester, Ill, 813 F.2d 824, 829 (7th Cir. 1987). Thus, although the doctrine of respondeat superior is not applicable §1983 cases, "it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.'" Webb, 813 F.2d at 829, (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 1298 [1986]).

In this case, the plaintiff maintains that his constitutional right to equal protection was violated when defendant Board voted to terminate him because of his race. Defendant Board, the ultimate decision-making authority with respect to whether the defendant should be terminated, can be held liable if it terminated him in violation of his constitutional right to equal protection. See Felton, 5 F.3d at 203. Similarly, defendant MATC can be held liable if it acquiesced in defendant Board's unconstitutional decision. Accordingly, the defendants' motion to dismiss the plaintiff's equal protection claim will be denied.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss the complaint will be **denied** as moot. (Docket #4).

- 13 -

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the amended complaint be and hereby is **granted in part and denied in part** as stated herein. (Docket #11).

Dated at Milwaukee, Wisconsin this 8th day of December, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge